UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN ROWLEY,

                          Petitioner,

        v.

HOWARD C. BARRON,

                          Respondent.

CASE NO. 2:24-cv-00538-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: July 17, 2024

Petitioner Ryan Rowley is a federal prisoner who is confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Currently pending before the Court is Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") erred in applying First Step Act ("FSA") time credits to his sentence. Dkts. 1, 3. After consideration of the relevant record, the undersigned recommends the Petition (Dkt. 3) be dismissed without prejudice.

## I.      Background

Petitioner Ryan Rowley is currently confined at FDC SeaTac, where he is serving a 24-month term of imprisonment arising out of his federal wire-fraud conviction entered by the

1    United States District Court for the Northern District of Illinois. *See United States v. Wood*, No.

2    1:20-cr-00913 (N.D. Ill. filed 2020).[1] Petitioner's projected release from federal custody with

3    good time credit is currently November 16, 2024. Dkt. 3 at 5; *see also* Dkts. 10 (George Cho

4    Declaration), 10-3 (Exhibit 3). This projected release date is based on Petitioner's "medium" risk

5    for recidivism, which prevents him from applying any earned FSA credits toward his early

6    release. Dkts. 10 (George Cho Declaration), 10-3 (Exhibit 3).

7        Petitioner began his federal custody at Federal Correctional Center, Mendota ("FCI

8    Mendota"), where he participated in a non-residential drug treatment program ("NDAP"). Dkt. 3

9    at 5; *see also* Dkts. 10 (George Cho Declaration), 12 (Exhibit 4). Petitioner alleges he

10    successfully completed NDAP at FCI Mendota and, as a result, he should be assessed at a lower

11    recidivism risk category and awarded additional FSA credits. Dkt. 3 at 3, 5. In particular,

12    Petitioner believes his current recidivism risk of "medium" should be reassessed as "low,"

13    allowing him to apply 145—rather than 100—FSA credits towards his projected release. *Id.* at 5.

14    Petitioner also states he should be permitted to complete a portion of his remaining sentence at a

15    half-way house. *Id.* Plaintiff concludes his early release date should be recalculated as June 1,

16    2024, with his eligibility for release to a half-way house beginning on April 1, 2024. *Id.*

17        On April 18, 2024, Petitioner filed a Petition for federal habeas relief pursuant to 28

18    U.S.C. § 2241 and named "R. Caternolo" as Respondent. Dkts. 1, 3. As his sole ground for relief,

19    Petitioner contends the BOP erred in determining his eligibility for early release. Dkt. 3 at 3, 5

20        The Court directed service of the Petition on April 30, 2024, and substituted Howard C.

21    Barron (then-warden of FDC SeaTac) as Respondent. Dkt. 4.  Respondent filed a Response on

22

23        [1] Because Petitioner's criminal case remains under seal and because the facts and circumstances of his
     offense are not germane to the disposition recommended here, further factual background for his arrest and

24    conviction is not included in this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

May 30, 2024, arguing that the Petition should be dismissed—either for lack of jurisdiction or for failure to exhaust administrative remedies—or denied on the merits. Dkt. 9. Petitioner has not filed a traverse or otherwise replied to the Response, and the time for doing so has passed. As such, his Petition is now ripe for consideration.

## II.    Discussion

Petitioner contends the BOP erred in determining his eligibility for early release under the FSA. Dkt. 3 at 3, 5. According to Petitioner, he has successfully completed NDAP and is therefore entitled to a lower recidivism-risk category and, once recategorized, he is eligible for application of 145 days of FSA credits to his projected release date. *Id.* at 5.

Respondent argues Petitioner is not entitled to federal habeas relief on this ground because: (1) Petitioner's claim is not yet ripe for adjudication, Dkt. 9 at 5–6; (2) the Petition is unexhausted, *id.* at 6-8; and (3) Petitioner has failed to state a claim for relief under 28 U.S.C. § 2241, *id.* at 8-9.

### A.    *Ripeness*

Respondent's first argues Petitioner's claim is not yet ripe for adjudication. Dkt. 9 at 5–6. Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). One component of the Article III case-or-controversy requirement is the concept that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). Where, as here, a prisoner alleges they were denied time credits under the FSA, the ripeness requirement is not met until favorable disposition of their claim would result in immediate release. *Adkins v. Engleman*, No. CV 22-1988, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (cleaned up), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct.

24, 2022) ("Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough that equal the remainder of her sentence."); *see also Patrick v. Heckard*, No. 5:23-CV-00234, 2024 WL 770631, at *4 (S.D.W. Va. Jan. 26, 2024) (cleaned up), *report and recommendation adopted*, 2024 WL 767179 (S.D.W. Va. Feb. 22, 2024) ("[A]n inmate requesting application of [FSA time credits] before such application would result in his immediate release would be essentially seeking an advisory opinion from the court.").

Here, Respondent states Petitioner's earliest possible release date given his current FSA credits is August 8, 2024. Dkt. 9 at 6. However, Petitioner alleges he is entitled to an additional 45 credits, Dkt. 3 at 5, which would make his earliest possible release date June 24, 2024 (not June 1, 2024, as argued in the Petition). If Petitioner's allegations about his eligibility for additional credits is correct, then his claim is currently ripe. If, on the other hand, Respondent is correct, then any ripeness concerns may be resolved when the District Judge rules on this Report and Recommendation. On balance, the undersigned finds no just cause for delaying disposition of this case on ripeness grounds.

   B.   *Failure to Exhaust*

Having found that it has jurisdiction to consider the Petition, the Court next examines Respondent's argument that the Court should dismiss the Petition because Petitioner has not exhausted available administrative remedies. Dkt. 9 at 6–8.

Generally, federal prisoners must exhaust all available administrative remedies before bringing a petition for a writ of habeas corpus in federal court. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). In § 2241 cases, exhaustion is a prudential rather

than jurisdictional requirement, and it is therefore subject to waiver. *Ward*, 678 F.3d at 1045;

*Laing*, 370 F.3d at 998. Wavier of the exhaustion requirement may be appropriate when a

petitioner demonstrates pursuit of administrative remedies would have been futile. *Ward*, 678

F.3d at 1045.

The BOP has established an administrative remedy program through which prisoners can

"seek formal review of an issue relating to any aspect of [their] own confinement[,]" including

the BOP's computation of time credits against their sentences. 28 C.F.R. § 542.10(a); *United*

*States v. Wilson*, 503 U.S. 329, 335 (1992). Except in certain limited situations, a prisoner "shall

first present an issue of concern informally" to prison staff. 28 C.F.R. § 542.13(a). If dissatisfied

with prison staff's informal response, the prisoner must then formally complain to the prison's

warden. *See id.* § 542.14(a)–(c). If dissatisfied with the warden's response, the prisoner may

appeal to the Regional Director of the region in which he is confined. *Id.* § 542.15(a). And if the

prisoner is dissatisfied with the Regional Director's response, he may appeal to the BOP's

General Counsel. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Despite the availability of relief through these channels, Respondent submits evidence

demonstrating Petitioner did not pursue the BOP's administrative remedies. Dkt. 10 (George Cho

Declaration); Dkt. 10-4 (Exhibit 5). For his part, Petitioner argues he could not pursue the BOP's

administrative remedies without delaying his release. Dkt. 3 at 5. Even so, this argument does

not demonstrate the futility of seeking relief through the BOP's administrative channels.

Thus, the undersigned finds Petitioner has not exhausted his available administrative remedies,

nor has he shown that pursuing an administrative remedy on this issue would be futile.

1    It is therefore recommended the Petition be dismissed for failure to exhaust. As the Court

2  finds the Petition is unexhausted and should be dismissed, the Court declines to consider

3  Respondent's remaining arguments.

4    **III.    Conclusion**

5    For the above-stated reasons, the undersigned recommends the Petition (Dkt. 3) be

6  dismissed without prejudice for failure to exhaust.

7    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

8  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

9  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

10  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

11  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

12  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

13  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration July 17,

14  2024, as noted in the caption.

15    Dated this 3rd day of July, 2024.

16

17

18  David W. Christel
    United States Magistrate Judge

19

20

21

22

23

24